IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ORVEL LLOYD | * | |
|     Plaintiff | | |
|     v. | * | CIVIL ACTION NO. AMD-06-457 |
| MELANIE BROCK | * | |
| C. BERKETT | | |
| CARMEN SNEDOM | * | |
| JOHN M. MALONEY | | |
| In their individual and official capacities | * | |
|     Defendants | | |
| | *** | |

MEMORANDUM

The following background information is culled from the pleadings and opinion filed in *Lloyd v. Grant, et al.*, Civil Action No. AMD-05-2744 (D. Md.).[1] On August 24, 1978, plaintiff was sentenced in the Circuit Court for Prince George's County, Maryland, to serve 20 years for robbery with a deadly weapon and 15 years consecutive for a related hand gun violation. He remained in the custody of the Maryland Division of Correction ("DOC") until February 5, 1980.

From February 6, 1980, to February 17, 1988, plaintiff was in the custody of the Florida Department of Correction serving a sentence for crimes committed while he was out on bond. Plaintiff returned to the custody of the Maryland DOC on February 18, 1988. In 1988, plaintiff's Maryland commitment record was changed to reflect (1) the award of 128 days credit for pre-trial incarceration, and (2) a modified aggregate sentence of 30 years. Plaintiff later sought relief from the Maryland courts to have all diminution credits earned while he was serving his concurrent Florida sentence applied to his Maryland term of confinement. On May 21, 1996, an order was

---

[1] In *Lloyd v. Grant, et al.*, Civil Action No. AMD-05-2744 (D. Md.), plaintiff complained that the detainer issued by the Maryland Parole Commission was improper because: (1) all of the diminution of confinement credits to which he was entitled were not applied to his Maryland sentence; (2) he served more time than required by law; and (3) he should no longer be required to serve more time on the Maryland term of confinement. That case, construed as a 28 U.S.C. § 2241 petition, was dismissed on January 10, 2006.

issued by the Circuit Court for Prince George's County requiring the award of diminution of confinement credits earned by plaintiff from November 7, 1979, through February 18, 1988. In 1999, plaintiff filed a petition for writ of habeas corpus in the circuit court, claiming that the Maryland DOC was not complying with the 1996 order. The circuit court denied the petition.

On November 16, 2000, plaintiff was paroled by the Maryland Parole Commission and returned to Florida for service of a sentence. At the time of his parole, his mandatory release date on the Maryland convictions was April 26, 2001. The maximum expiration date of plaintiff's Maryland sentences, which remains unchanged by diminution of confinement credits, was April 18, 2008. On November 10, 2004, the Maryland Parole Commission lodged a parole violation detainer with the Florida Department of Correction.

Plaintiff remains confined at the Union Correctional Institution in Raiford, Florida. On February 22, 2006, he filed the instant action for injunctive relief and damages, invoking jurisdiction pursuant to 28 U.S.C. §§ 1332, 1343. Plaintiff sues a Maryland parole agent, two Maryland parole commissioners, and an assistant state's attorney. Affording his claims against defendants Brock, Berkett, and Snedom a generous construction, it appears that plaintiff is alleging that his Maryland parole detainer warrant is "bogus" in that it (1) was not accompanied by certified commitment or finger prints, and (2) does not show that plaintiff has time left on his Maryland sentence. Plaintiff also complains that he has not been provided a hearing on the detainer as due process requires and that the detainer was lodged past his mandatory prison sentence. He submits that he has fully served his Maryland sentences.

Plaintiff further claims that Assistant State's Attorney John Maloney has improperly sought to correct his commitment order to increase his sentence in violation of due process and the prohibition against double jeopardy. He asserts that Maloney failed to appeal the 1988 modification

to his sentence and is now seeking further modification sixteen years later in retaliation for plaintiff filing a civil action in this court.[2]

In any event, the case shall be dismissed. First, Assistant State's Attorney Maloney, along with Commissioners Berkett and Snedom, are immune from plaintiff's §1983 claims for damages. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutor enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions); *Pope v. Chew*, 521 F.2d 400, 405-06 (1975) (parole board members enjoy absolute immunity).

Moreover, while Assistant State's Attorney Maloney apparently filed a motion to correct commitment in state court, there is no information that the motion has been heard and ruled on either in favor of or against plaintiff. The court therefore finds that plaintiff has not shown injury. In any event, this court shall not intercede to enjoin such state court modification proceedings.

Finally, plaintiff attacks his parole violation detainer, primarily alleging that he has served his Maryland sentences and that his right to a timely revocation hearing has been violated under *Morrissey v. Brewer*, 408 U.S. 471 (1972).[3] A claim for damages that would call into question a valid conviction or sentence that has not been reversed or expunged is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

---

[2] According to an attachment, in January 2006, Assistant State's Attorney Maloney filed a motion to correct the commitment order in the Circuit Court for Prince George's County. Paper No. 1 at Attachment. The motion asks that the matter be referred to a public defender and that it be set in for a hearing to correct the 1988 modification to the commitment order. *Id*.

[3] *Morrissey* requires that a parolee subject to revocation be: (1) given written notification of parole violations; (2) informed of the evidence against him; (3) given the opportunity to be heard and to present evidence; and (4) provided a copy of the written revocation decision. *See* 408 U.S. at 489. A prisoner is not entitled to a prompt hearing where the parole warrant is simply filed as a detainer at the institution where he is held pursuant to a conviction that is the basis for the revocation. *See Moody v. Daggett*, 429 U.S. 78, 86-89 (1976).

sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A number of circuits haves held that *Heck* applies to decisions concerning parole. *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000); *White v. Gittens,* 121 F.3d 803, 806-07 (1st Cir. 1997); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). The Fourth Circuit has joined that position by unpublished decision. *See Gibbs v. S.C. Dep't of Prob.*, No. 97- 7741, 1999 WL 9941 (4th Cir. Jan.12, 1999) (Section 1983 action based upon probation revocation which would implicate subsequent imprisonment was barred by *Heck*).

A decision as to plaintiff's parole violation claim would call into question any future decision to revoke his parole and imply the invalidity of his continued confinement. The court therefore finds that the damage claim with regard to the parole violation detainer is subject to dismissal for the failure to show that the detainer has been invalidated.[4]

A separate order follows granting plaintiff's motion to proceed *in forma pauperis*, but dismissing his complaint without prejudice.

Filed: April 14, 2006                   __/s/_____
                                        Andre M. Davis
                                        United States District Judge

---

[4] To the extent that plaintiff is seeking to enjoin the Maryland Parole Commission's act in lodging a detainer against him for parole violation, such challenge is subject to dismissal because it has yet to be presented at a parole revocation proceeding. At most, there is only a possibility that plaintiff will be required to serve the remainder of his Maryland sentence. In the event his parole is revoked, he may avail himself of any appropriate state appellate procedures before seeking relief here.